UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-21539-UU

ROSA CARBONELL,
On behalf of herself and all others
similarly situated,

    Plaintiff,
v.

STANLEY M. GLASER,
d/b/a GLASER ORGANIC FARMS,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

COMES NOW, Defendant, STANLEY M. GLASER d/b/a GLASER ORGANIC FARMS ("Glaser"), by and through its undersigned counsel, BLUEROCK LEGAL, P.A., and files and serves this Motion To Dismiss Complaint.

## PRELIMINARY STATEMENT

This is an employment related case. Plaintiff, Rosa Carbonell ("Carbonell"), was formerly employed by Glaser in a commercial food manufacturing operation, where she prepared and packaged organic foods into ready-to-go meals. Carbonell's Complaint contains two counts.

Count I alleges that Glaser did not pay Carbonell all minimum and overtime wages due under the Fair Labor Standards Act ("FLSA"). Count I is duplicative of another lawsuit to which Carbonell is currently a party, Velasquez v. Glaser, 1:15-cv-24224-KMW (S.D.Fla.). Count I of the present Complaint is identical to Velasquez. It contains the same party, issue, and seeks the

same relief, against the same defendant, in the same court. Because Count I is duplicative of another action in which Carbonell is a party, Count I should be dismissed.

Carbonell alleges in Count II that Glaser violated Section 7434 of the Internal Revenue Code ("IRC") by allegedly filing fraudulent W-2 forms information returns with the Internal Revenue Service ("IRS"). [D.E. 1, ¶ 37–39] Unfortunately for Carbonell, employers are not required or allowed to file a form W-2 with the IRS. Those documents are issued to employees but not filed with the IRS by the employer. Carbonell has failed to state a claim for relief in Count II and that claim should be dismissed.

## POINT I

### COUNT I SHOULD BE DIMISSED BECAUSE IT IS THE SAME CLAIM AGAINST THE SAME DEFENDANT PENDING IN ANOTHER ACTION BEFORE THIS COURT.

Plaintiff opted-in to another lawsuit pending before this Court. On February 2, 2016, Plaintiff filed her "FLSA Consent Form" in the United States District Court for the Southern District of Florida in the matter of <u>Debora Velasquez v. Stanley M. Glaser</u>, Case No. 15-CV-24224-KMW. A copy of Plaintiff's Notice of Filing FLSA Collective Action Consent to Sue Forms is recorded at D.E. 20, and a copy is attached hereto as Exhibit 1. Plaintiff opted-into Count I of that Amended Complaint. Count I in that case is a claim for minimum and overtime wages under the FLSA against Stanley Glaser, d/b/a Glaser Organic Farms. <u>Debora Velasquez v. Stanley M. Glaser</u>, Case No. 15-CV-24224-KMW (D.E. 11, p. 10). That lawsuit is currently pending, and Carbonell is identified on this Court's docket as a party-plaintiff.

Plaintiff has asserted exactly the same claim against exactly the same defendant in the same court in the present lawsuit. Count I of the present Complaint is for minimum wages and overtime

under the FLSA. [D.E. 1 at ¶ 31] It is against Stanley Glaser d/b/a/ Glaser Organic Farms. [D.E. 1 at p. 1] It is the same claim, in the same court, by the same person, against the same defendant.

Count I should be dismissed. A district court has the authority to dismiss a duplicative claim filed by the same plaintiff. Marak v. Dallas/Fort Worth Int'l Airport Bd., 2005 U.S.Dist. LEXIS 5855, *3 (N.D. Tx. 2005). "A plaintiff simply does not have the right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Marak at *3 (citing Friends of Earth v. Crown Cent. Petroleum Corp., 95 F.3d 358, 362 (5th Cir. 1996)). See Haytian Republic, 154 U.S. 118 (1894); Walton v. Eaton Cor., 563 F.2d 66, 70 (3d Cir. 1977).; Tisdale v. Wilson, 2014 U.S.Dist. LEXIS 74644 (M.D. Al. 2014); When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed. Marak at *3.

Plaintiff was not named in the original pleading in the lawsuit pending before Judge Williams but opted-in to the litigation. The FLSA provides "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (2016). A lawsuit is considered commenced under the FLSA for other than the named plaintiff on the date "on which such written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256 (2016). That is what Carbonell did. She filed her "consent" to join that lawsuit.

Unlike Rule 23 class actions, which are characterized by automatic inclusion of class members and "opt-out" requirements, unnamed plaintiffs in FLSA collective actions are parties to the lawsuit and bound the ultimate judgment at the point that they file their consent to join the lawsuit. Bonilla v. Las Vegas Cigar Co., 61 F.Supp.2d 1129, 1134 (D. Nev. 1999). See Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n. 12 (11th Cir. 1996) (Rule 23 and § 216(b) are "mutually

3

exclusive and irreconcilable"); Gutescu v. Carey Int'l, Inc., 2004 U.S. Dist. LEXIS 31105 *9 (S.D. Fla. 2004) (plaintiff in 216(b) is bound by the judgment after having opted in by filing consent). The consent filed by an unnamed plaintiff in an FLSA case is a consent to join and adjudicate all claims under the FLSA and become bound by the ultimate judgment.  Prickett v. Dekalb County, 349 F.3d 1294, 1297-98 (11th Cir. 2003).

Plaintiff filed her consent to join the Velasquez matter pending before Judge Williams. She became a party to that lawsuit at that point and her claim has never been dismissed.  Count I is duplicative of the Velasquez, which is currently pending in the Southern District of Florida. Count I should be dismissed.

## POINT II

### PLAINTIFF HAS NOT ALLEGED A VIOLATION OF THE STATUTE ALLEGED IN COUNT II.

Count II should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiff alleges in Count II that Glaser violated Section 7434 of the Internal Revenue Code ("IRC") by filing allegedly fraudulent "W-2" forms with the Internal Revenue Service ("IRS"). [D.E. 1, ¶ 37–39].  Plaintiff alleges that "Defendant also failed to pay report [sic] the full amount of earnings of Plaintiff and her co-workers to the Internal Revenue Service…." [D.E. 1 at p. 2]

The IRC grants a private right of action for the filing of fraudulent information returns with respect to payments purported to be made to another person.  26 U.S.C. § 7434(a).  Carbonell fails to state a claim for relief because the "W-2" forms alleged in the Complaint are not "information returns" as described in the statute and in any event are not "filed" with the IRS under the IRC. Plaintiff has failed to state a claim for relief and Count II should be dismissed.

The IRC provides in relevant part:

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return

26 U.S.C. § 7434(a) (2016).  The "information returns" covered by the statute are listed at 26 U.S.C. § 6724(d)(1)(A).  See 26 U.S.C. § 7434(f).

This list of "information returns" includes a statement with respect to "income tax withheld" (26 U.S.C. § 6724(d)(1)(A)(vii)), <u>but only when such statements are required to be filed with the Secretary of the Treasury</u>.  See 26 U.S.C. § 6051(d) (2016) (emphasis added).  The Internal Revenue Service has created a form to be used by an employer to "furnish to each such employee . . . a written statement showing" the employee's wages, taxes paid, and other information described in the statute.  26 U.S.C. § 6051(a) (2016).  These statements have been named by the IRS and colloquially referred to as the "W-2."  26 C.F.R. § 31.6051-1(a)(1)(i).

These statements are only "information returns" if and when they are required to be filed with the Secretary of the Treasury.  26 U.S.C. § 6051(d); 26 U.S.C. § 7701(a)(11)(B) (2016).  The Secretary of the Treasury has authority over the Treasury Department, including the IRS.  31 U.S.C. § 301(b); 26 U.S.C. § 7801 (2016).

The present lawsuit is based on the alleged fraudulent filing of W-2 forms by Defendant with the Internal Revenue Service.  [D.E. 1 ¶ 38]  The W-2 is a "Receipt for employees" that is generated by the employer and presented to the employee.  26 U.S.C. § 6051(a).  A copy of "duplicate" of the W-2 is only an "information return" when it is required by regulations to be filed with the Secretary of the Treasury.  26 U.S.C. § 6051(d).  The form is never filed with the IRS.

Forms W-2 are not information returns under 26 U.S.C. § 6724(d)(1)(A) because they are not filed with the Secretary of the Treasury. Employers do not file W-2s with the IRS or the Treasury Department. Employers are only required to file W-2s with the Social Security Administration ("SSA"). 26 C.F.R. § 31.6051-2(a) ("W-2…to be filed with the Social Security Administration"). The SSA is independent from and not part of the Treasury Department. 42 U.S.C. § 901(a) (2016). The Secretary of the Treasury has no authority over the SSA. 42 U.S.C. § 902(a) (2016).

And the SSA is not a "delegate" of the Secretary of the Treasury. A "delegate" only includes "any officer, employee, or agency of the Treasury Department," 26 U.S.C. § 7701(12)(A)(i). That definition does not include the SSA, an agency independent of the Treasury Department. The statute on which Plaintiff seeks relief provides a remedy for willfully filing a fraudulent information return with the Secretary of the Treasury. 26 U.S.C. § 7434.

Thtype of type of "information return," the place of filing it, and the person filing it are all significant to coverage under the statute. Raley v. Bank of Am., N.A., 2014 U.S. Dist. LEXIS 164873 (N.D. Al. 2014) (claim for filing fraudulent tax return dismissed where IRS Form 1099-C was not an information return under the statute); Leon v. Tapas & Tintos, Inc., 51 F.Supp.3d 1290, 1298 (S.D. Fla. 2014) (motion to dismiss claim under 26 U.S.C. §7434 granted where a return was issued but defendant was not a "filer" of the return, "let alone a knowing filer of a fraudulent form"); Almeira v. GB House, LLC, 2014 U.S.Dist. LEXIS 47705, *4 n.2 (M.D. Fla. (2014) ("Section 7434 creates a private cause of action allow in a person to bring a civil action for damages against a company who willfully files a fraudulent information tax return with the IRS").

The W-2 Form allegedly forming the basis of Count II are not filed with the IRS by statute. Plaintiff has failed to state a claim for relief. They are not "information returns" under Section

7434.  In any event, by incorrectly alleging that Defendant filed false W-2 forms with the IRS, Plaintiff has failed to state a claim for relief and II should be dismissed.

WHEREFORE, Glaser respectfully requests, for the foregoing reasons, that the Court dismiss the Complaint.

BLUEROCK LEGAL, P.A.
Counsel for Defendant
10800 Biscayne Boulevard, Suite 410
Miami, FL 33161
Phone:  (305) 981-4300
Fax:     (305) 981-4304
E-mail: fhenry@bluerocklegal.com
              dgonzalez@bluerocklegal.com

By:    /s/ Frank H Henry
       Frank H. Henry
       Florida Bar No. 956554
       Daniel Gonzalez
       Florida Bar No. 118696

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system sending a notice of electronic filing to counsel on the attached service list on July 29, 2016.

       /s/ Frank H. Henry
       Frank H. Henry

**SERVICE LIST**

Victoria Mesa-Estrada
Florida Bar Number 076569
Mesa-Estrada Law, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, Florida 33426
Tel: (561) 880-8062
Fax: (561) 582-4884
Email: victoria@mesacoelaw.com
Co-Counsel for Plaintiff

Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
Post Office Box 32159
Palm Beach Gardens, Florida 33420
Tel: (561) 582-3921
Fax: (561) 328-3814
e-mail: greg@Floridalegal.Org
Co-Counsel for Plaintiff

Frank H. Henry (FBN 956554)
BLUEROCK LEGAL, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, Florida  33161
Telephone: (305) 981-4300
Facsimile:  (305) 981-4304
Email:  fhenry@bluerocklegal.com
Counsel for Defendant

Daniel Gonzalez (FBN 118696)
BLUEROCK LEGAL, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, Florida  33161
Telephone: (305) 981-4300
Facsimile:  (305) 981-4304
Email:  dgonzalez@bluerocklegal.com
Counsel for Defendant