UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-21539-UU

ROSA CARBONELL,
On behalf of herself and all others
similarly situated,

    Plaintiff,
v.

STANLEY M. GLASER,
d/b/a GLASER ORGANIC FARMS,

    Defendant.
_____/

**JOINT SCHEDULING REPORT FOR STANDARD TRACK CASE**

Defendant, STANLEY M. GLASER D/B/A GLASER ORGANIC FARMS D/B/A GLASER FARMS, and Plaintiff, ROSA CARBONELL, by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule 16.1(b), file their Joint Scheduling Report addressing discovery and other pretrial issues.

**1.  A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.**

The claim contains two counts. Count I alleges that Defendant Glaser violated the Fair Labor Standards Act, 29 U.S.C. §§206 and 207(a), by allegedly failing to pay Plaintiff minimum wage and overtime as required by the Act. Plaintiff has requested damages in the amount of unpaid minimum wage and overtime wages allegedly due to her, an equal amount in liquidated damages, and reasonable attorney's fees. Defendant disputes Plaintiff's allegations.

Count II alleges that Defendant Glaser violated 26 U.S.C. § 7434 by allegedly filing fraudulent W-2 tax forms for employees with the Internal Revenue Service. Count II is styled as a class action. Plaintiff has requested statutory damages of $5,000 for each alleged class member under Count II, and reasonable attorney's fees. Defendant disputes Plaintiff's allegations, and Defendant disputes that Plaintiff is entitled to class certification.

There are no counterclaims, cross-claims, or third-party claims at this time.

**2.    A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

The parties do not contest that this Court has jurisdiction. The parties do not contest that Defendant Glaser owns an organic food processing business that is located at 19100 S.W. 137th Ave in southwest Miami-Dade County. The parties do not contest that Plaintiff was formerly employed by Defendant Glaser at his food processing business. The parties do not contest that Plaintiff brings her claim under the Fair Labor Standards Act and 26 U.S.C. § 7434 of the Internal Revenue Code. The parties do not contest that Plaintiff seeks to represent a class for her claim under 26 U.S.C. § 7434.

**3.    A brief summary of the issues as presently known.**

This case arises under the Fair Labor Standards Act and the Internal Revenue Code. The FLSA is a Federal Law that provides for the payment of minimum wage and overtime. Plaintiff claims that the Defendant did not pay Plaintiff overtime pay and minimum wage as required by Federal law. In order to prevail on her overtime claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

**First:** That the Plaintiff was employed by the Defendant during the time period involved;

**Second:** That the Plaintiff was engaged in commerce or employed by an enterprise engaged in the commerce of in the production of goods for commerce;

2

**Third:** That the Plaintiff worked in excess of forty (40) hours per week; and

**Fourth:** That the Defendant failed to pay the Plaintiffs overtime compensation as required by law.

In order to prevail on her minimum wage claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

**First:** That the Plaintiff was employed by the Defendant during the time period involved;

**Second:** That the Plaintiff was engaged in commerce or employed by an enterprise engaged in the commerce or in the production of goods for commerce;

**Third:** That Defendant did not pay Plaintiff minimum wage for hours worked as required by the FLSA.

Plaintiff's second count is under 26 U.S.C. § 7434 of the Internal Revenue Code. 26 U.S.C. § 7434 provides a private right of action for persons against another person who willfully files a fraudulent information return with respect to payments purported to be made to the person bringing the action. In order to prevail on her claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

**First:** That Defendant filed an information return with respect to payments purported to be made to another person;

**Second:** That the information return was false and fraudulent;

**Third:** That Defendant acted willfully in filing the fraudulent information return.

4. **Whether discovery should be conducted in phases or limited to particular issues.**

The parties agree that discovery should not be conducted in phases or limited to particular issues. The parties will conduct discovery on every issue raised in the pleadings.

5. **A detailed schedule of discovery for each party.**

Defendant intends to serve Interrogatories and a Request For Production upon Plaintiff sometime within the next 60 days. Defendant also intends to depose Plaintiff at some time discovery. Defendant disputes that Plaintiff is entitled to class certification, but if the class is certified, Defendant may depose members of the class.

6. **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions, and to complete discovery.**

The parties have agreed to the following deadlines:

| Deadline Date | Event |
| --- | --- |
| August 22, 2016 | Initial Disclosures & Disclosures of Fact Witness' Names and Addresses |
| September 5, 2016 | Deadline to join additional parties or to amend pleadings. |
| January 11, 2017 | Plaintiff's expert disclosures due |
| February 1, 2017 | Defendant's expert disclosures due |
| April 10, 2017 | All discovery, including expert discovery, shall be complete |
| April 17, 2017 | Deadline to complete mediation. |
| May 22, 2017 | Deadline for the filing of all dispositive motions. |
| June 12, 2017 | Deadline for the filing of pretrial motions, including motions *in limine* and *Daubert* motions. |
| July 24, 2017 | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). <br><br> Deadline to file proposed jury instructions. |

| August 14, 2017 | Pretrial Conference. |
|---|---|
| August 28, 2017 | Trial. |

7. **Proposed approximate dates for final pre-trial conferences and trial:**

   a. To hold pretrial conference: August 24, 2017.

   b. Trial: August 28, 2017.

8. **The projected time necessary for trial and a statement of whether the case is jury or non-jury trial:**

The Parties estimate a three (3) to five (5) day trial following *voir dire*. Accordingly, this case should proceed as a standard track case under S.D. Fla. L.R. 16.1(a)(2)(B). The case is a jury trial.

9. **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion:**

There are no motions currently pending before the Court. However, Defendant may file a Motion to Dismiss prior to the deadline for its Answer, which is August 8, 2016.

10. **Any unique legal or factual aspects of the case requiring special consideration by the Court.**

None at this time.

11. **Any potential need for references to a special master or magistrate.**

The parties will refer non-dispositive motions and discovery matters to the Magistrate Judge, but do not consent to trial by the Magistrate Judge, nor to the disposition of dispositive motions by the Magistrate Judge.

12. **The status and likelihood of settlement.**

The parties have discussed settlement but cannot determine the likelihood of settlement at this time. The parties will immediately advise the Court upon any resolution.

13. **Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

Pursuant to Local Rule 16.1(B), the parties also state the following:

a. **Likelihood of appearance of additional parties:** The Complaint alleges a class action, but Defendant opposes class certification. Notwithstanding the class action allegations, the parties do not anticipate the appearance of additional parties.

b. **Proposals for the formulation and simplification of the issues:** The parties do not have any proposals for the simplification and formulation of the issues at this time.

c. **Necessity of Amendments to the Pleadings:** Defendant has not yet filed his Answer in this case. The Answer is not due until August 8, 2016. There is no necessity to amend pleadings at this time.

d. **Possibility of obtaining admissions of facts and of documents:** Counsel will meet after the applicable discovery cut-off date and before the pretrial conference to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence.

e. **Suggestions for the avoidance of unnecessary proof and cumulative evidence:** At this time, the Parties have no suggestions for the avoidance of unnecessary proof and cumulative evidence, but will endeavor to find ways to litigate this case efficiently.

f. **Any other information helpful to the Court:** None at this time.

DATED on _____, 2016.

Respectfully submitted,

s/_____
GREGORY S. SCHELL
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.

s/_____
FRANK H. HENRY
Florida Bar No. 956554
Tel: 305-981-4300
Fax: 305-981-4304

Post Office Box 32159
Palm Beach Gardens, Florida 33420
Telephone: (561) 582-3921
Facsimile: (561) 328-3814
e-mail: greg@Floridalegal.Org

*s/*_____
VICTORIA MESA
Florida Bar Number 076569
MESA-ESTRADA LAW, P.C.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, Florida 33426
Telephone: (561) 880-8062
Facsimile: (561) 582-4884
e-mail: victoria@mesacoelaw.com

*Attorneys for Plaintiff*

fhenry@bluerocklegal.com
BlueRock Legal, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, FL 33161

*s/*_____
Daniel Eric Gonzalez
Florida Bar No. 118696
Tel: 305-981-4300
Fax: 305-981-4304
dgonzalez@bluerocklegal.com
BlueRock Legal, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, FL 33161

*Attorneys for Defendant*