UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Civil Action No. 1:16-cv-21539

_____

| | |
|---|---|
| **ROSA CARBONELL,** | ) |
| **on behalf of herself and all others** | ) |
| **similarly situated**, | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **STANLEY M. GLASER,** | ) |
| **d/b/a GLASER ORGANIC FARMS,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, ROSA CARBONELL, through her undersigned counsel, hereby files and serves her

response to Defendant's Motion to Dismiss (Docket Entry No. 15).  Plaintiff was employed as a

farmworker by the Defendant Stanley Glaser d/b/a Glaser Farms.  Plaintiff states in her complaint

that the Defendant failed to comply with Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

("FLSA") by failing to pay the minimum and overtime wages to Plaintiff as required by the FLSA.

Plaintiff also contends that Defendant failed to pay report the full amount of the earnings of

Plaintiff and her co-workers to the Internal Revenue Service, thereby resulting in a substantial

under reporting of their earnings in their individual records with the Social Security Administration

which constitutes a violation of under 26 U.S.C. § 7434.   Plaintiff has sought class certification

for the violations of 26 U.S.C. § 7434.

## I.   COUNT I SHOULD NOT BE DISMISSED BECAUSE PLAINITFF DOES NOT HAVE ANY PENDING CLAIMS IN ANOTHER ACTION BEFORE THIS COURT

Defendant's Motion to Dismiss contends Plaintiff is prohibited from filing her complaint in this court because she previously appeared as an opt-in plaintiff in another action before this court. Def.'s Mot. To Dismiss, at 2-4.  Defendant is correct that Plaintiff Carbonell did file a notice of consent to sue as an opt-in plaintiff in a separate case, in the same district, which contained identical FLSA claims made by another employee of Defendant's farm, *Debora Velasquez et al. v. Stanley M. Glaser*, No. 15-cv-24224-KMW (S. D. Fla. filed Nov. 12, 2015) (hereinafter "the Velasquez FLSA matter"). However, the collective action claims in the Velasquez FLSA case were never conditionally certified, and have become moot by Velasquez's voluntary withdrawal of her motion to conditionally certify her FLSA claim as a collective action. *Velasquez*, Pls.' Mtn. (D.E. 34) (motion withdrawing conditional certification).  In an abundance of caution, Ms. Carbonell has also filed a notice in the Velasquez case withdrawing her prior motion to opt in on the FLSA claims *Velasquez*, Pls.' Mtn. (D.E. 51). In sum, Plaintiff's claim in the "Velasquez FLSA matter" is over, it was never certified as a class and therefore is not duplicative and is entitled to adjudication by this court.

PROCEDURAL HISTORY

The procedural history of this lawsuit and its relation to the Velasquez litigation provides the context for the instant motion to dismiss and requires its denial. On January of 2016, Rosa Carbonell filed a notice of consent to join as opt-in plaintiff in the Velasquez FLSA matter for overtime violations of the Fair Labor Standards Act. The Plaintiff in that case, Debora Velasquez, later moved to amend her complaint to add Rosa Carbonell as a party plaintiff, and to add specific

Rule 23 class claims on behalf of Rosa Carbonell and similarly situated workers for civil violations of the U.S. tax code, which are identical claims as Count II of Carbonell's complaint in the present case. *Velasquez*, Pls.' Mtn. (D.E. 25) (motion to amend to add party-plaintiff). The Court in the Velasquez FLSA matter subsequently denied Velasquez's motion to amend holding that "Carbonne[ll] could pursue her claims for tax code and FLSA violations separately from [that] matter . . . ." *Velasquez*, Order Den. Pls.' Mtn. (D.E. 28) (order denying motion to amend).[1]

Plaintiff Velasquez subsequently moved for Conditional Certification of FLSA Collective Action, *Velasquez*, Pls.' Mtn. (D.E. 30) (motion for conditional certification). Defendant Stanley Glaser opposed the motion on the basis that he had recently entered into a settlement agreement with the U.S. Department of Labor ("DOL") to recover minimum wage and overtime wages due to Glaser's employees for the period encompassed in the Velasquez lawsuit. *Velasquez*, Def. Mtn. (D.E. 32).[2] In light of that information, Velasquez withdrew her motion for conditional certification of a collective action, freeing opt-in Rosa Carbonell to pursue her own FLSA case against Defendant. *Velasquez*, Pls.' Mtn. (D.E. 34). As a result, and because of the Court's earlier ruling denying the motion to add her as a party plaintiff, the court entered an order denying Plaintiff's motion to certify the collective action as moot, *Velasquez*, Order Den. Pls.' Mtn. (D.E. 35); and Rosa Carbonell proceeded to file the instant action seeking, *inter alia,* to recover unpaid wages under the Fair Labor Standards Act. (D.E. 1).[3]

---

[1] The Court noted in its order that a separate action by Carbonell would not be required to be consolidated with [Velasquez action] because the Court [found] that discovery and consideration of the issues would be more efficiently handled separately."

[2] This settlement with DOL did not include any wages to be distributed to former employees- Debora Velasquez and Rosa Carbonell.

[3] In an effort to clarify any doubts regarding Carbonell's intent to withdraw her opt-in consent from the Velasquez Case, she has recently filed a notice of withdrawal on that matter. *Velasquez*, Pls.' Mtn. (D.E. 51).

An employee is not judicially estopped from filing a separate complaint against his/her employer under the FLSA due to fact that he/she had previously signed a consent form seeking to join similar litigation as opt-in plaintiff, where a court in the prior action explicitly declined to grant the employee permission to join the case. *Lynch v. United Services Auto. Ass'n*, 491 F.Supp.2d 357 (2007). In *Lynch*, the plaintiff had filed a separate collective action complaint against his employer in another state, after the first court where he had filed a consent to join as an opt-in plaintiff later denied him permission to join the case.[4] *Id.* The court in *Lynch* concluded the worker was not judicially estopped from pursuing this separate action, and permitted the employee to proceed with his separate case. *Id.*

Velasquez's motion to the court withdrawing her Motion for conditional certification as a collective action was her intent to abandon pursuing claims on behalf of similarly-situated employees and to continue to litigate the merits as to the named Plaintiff only. Furthermore, Carbonell's recent notice of filing a withdrawal demonstrates that she does not intend to pursue two similar actions simultaneously.[5] Consequently, because of the District Court's earlier ruling denying the motion to add Carbonell as a party plaintiff, and the court denial of Velasquez's motion

---

[4] In *Lynch*, the prior action where the employee was an opt-in plaintiff was dismissed before a motion to conditionally certify the action could be granted and as a result of the named-plaintiff's withdrawal from the action. The Court consequently ruled on Defendant's motion to dismiss stating that "'[w]hile numerous consent forms were file[d] by potential opt-in plaintiffs, the Court did not grant permission for these potential opt-in plaintiffs to join this case, thus [the court's] order ha[d] no effect on such opt-in plaintiffs' claims and they are free to file a separate action in the proper venue." *Lynch*, 491 F.Supp.2d at 262.

[5] In his motion to dismiss, Defendant states that Carbonell "filed her consent to join [the Velasquez] lawsuit." While it is correct she opted-in into the FLSA claims, this only made her a party-plaintiff for purposes of the collective action so long as the Velasquez' collective action was alive and certified thereafter. In fact, assuming for the sake of the argument that the Velasquez' action had been certified as a collective action, but later decertified, the result would have been exactly the same- dismissing the opt-in's claims without prejudice and leaving the opt-in plaintiff with the sole remedy of filing his/her own suit to pursue the same claims. See *Romero v. Flaum Appetizing Corp.,* 2009 WL 2591608 at *3 (S.D.N.Y., Aug. 17, 2009) (citing *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 197 (S.D.N.Y.2006)).

4

to certify collective action as moot, Plaintiff Carbonell proceeded to file the instant action seeking, *inter alia,* to recover unpaid wages under the Fair Labor Standards Act. Therefore, Defendant's motion to dismiss should be denied.

## II.   COUNT II OF PLAINTIFF'S COMPLAINT HAS BEEN SUFFICIENTLY PLEAD FOR PURPOSES 26 U.S.C. 7434.

Pursuant to 26 U.S.C. § 7434 a plaintiff may "bring a civil action for damages" against any party that "willfully files a fraudulent information return" on the plaintiff's behalf. 26 U.S.C. § 7434(a). According to the statute, a defendant found liable in any such action will owe to the plaintiff damages "in an amount equal to the greater of $5,000 or the sum of—(1) any actual damages sustained by the plaintiff ... (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees." 26 U.S.C. § 7434(b); *Cuellar-Aguilar,* 812 F.3d, at 620. The plaintiff's claim under this statute alleged that from 2008 through 2015, Defendant Glaser fraudulently under-reported some of its workers' earnings on the workers' W–2 forms in order to reduce the business' tax obligations under the Federal Insurance Contributions Act, 26 U.S.C. § 3102, and the Federal Unemployment Tax Act, 26 U.S.C. § 3301. Pl. Compl. ¶¶ 2, 18-21, 23-24, 37-39 at 1-2, 5-7, 10.

To establish a claim of tax fraud under 26 U.S.C. § 7434, Plaintiff must prove: (1) Defendants issued an information return; (2) The information return was fraudulent; and (3) Defendants willfully issued a fraudulent information return. *Leon v. Tapas & Tintos, Inc*., 51 F.Supp.3d 1290, 1298 (S.D. Fla. 2014) (citing *Seijo v. Casa Salsa, Inc.,* 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013). Plaintiff sufficiently pleaded a claim for which relief can be granted in order to establish a claim of tax fraud under 26 U.S.C. § 7434 by pleading all three elements with sufficient facts: Plaintiff alleges that (1) Defendant issued an information return- that is, that Defendant issued IRS W-2 Form to his employees, Pl. Compl. ¶¶ 20, 38 at 6, 10; (2) that the information return was

fraudulent- that is, that the W-2 form reflected only those earnings for which defendant had paid social security taxes, Pl. Compl. ¶¶ 19-20, 38 at 5-6, 10; and (3) that Defendant willfully issued a fraudulent information return- that is, that Defendant credited plaintiff and other workers with only a fraction of their wages earned in Defendant's employ in order to lower defendant's share of Social Security taxes pursuant to the Federal Insurance Contributions Act. Pl. Compl. ¶¶ 19-21, 38-39 at 6, 10. Based on the facts as alleged in her complaint, Plaintiff has alleged a violation of 26 U.S.C. § 7434. In their Motion to dismiss, Defendant states that "because the "W-2" forms alleged in the Complaint are not "information returns" as described in the statute and in any event are not "filed" with the IRS under the IRC," Plaintiff's Count II claim should be dismissed. Def. Mot. to dismiss, at 4. Federal courts throughout the nation have agreed that these sort of civil actions-similar to the one in the present case- are valid causes of actions under 26 U.S.C § 7434. Because Plaintiff has alleged a violation of 26 U.S.C. § 7434 and has stated a valid claim for tax fraud under 26 U.S.C. § 7434, Count II of the complaint should not be dismissed.  See *Cuellar-Aguilar v. Deggeller Attractions, Inc.,* 812 F.3d 614 (8th Cir. 2015); *see also* *Liverett v. Torres Advanced Enterprise Solutions LLC*, --- F.Supp.3d ----, 2016 WL 3582068 (E.D. Va. Jun. 28, 2016).

Defendant's motion alleges that a W-2 form is not the sort of information return defined by the statute. Def. Mot. at 4.  For purposes of 26 U.S.C. § 7434.  an "information return" is defined as follows:

> "(A) any statement of the amount of payments to another person required by—
> **. . . .**
> **(vii)** section 6051(d) (relating to information returns with respect to income tax withheld)."

26 U.S.C. § 7424(d)(1)(A)(vii). A W-2 form is undoubtedly the sort of information return that the U.S. tax code included it its definitions. While Defendant is correct in pointing out that this form is not filed *by the employer* with the IRS, but with the Social Security Administration, Def. Mot. to Dismiss at 4, a copy of the W-2 form is in turn given by the employer to the employee for tax reporting purposes.[6] When an employer pays their employees, the employer "ha[s] the added responsibility of withholding taxes from their paychecks. The federal income tax and employees' share of social security and Medicare taxes that [the employer] withhold[s] from [their] employees' paychecks are part of their wages that [the employer] pay[s] *to the United States Treasury* instead of to [the employer's] employees." (emphasis added) Department of Treasury, Internal Revenue Service, Pub. 15, Cat. No. 10000W, *Circular E: Employer's Tax Guide* (Dec. 23, 2015).

The Department of Treasury in fact provides instructions to employers on how to complete these forms:

> "Who must file Form W-2. Every employer engaged in a trade or business who pays remuneration, including noncash payments, of $600 or more for the year (all amounts if any income, social security, or Medicare tax was withheld) for services performed by an employee *must file a Form W-2 for each employee* (even if the employee is related to the employer) from whom: Income, social security, or Medicare tax was withheld. Income tax would have been withheld if the employee had claimed no more than one withholding allowance or had not claimed exemption from withholding on Form W-4, Employee's Withholding Allowance Certificate."

(emphasis added) Department of the Treasury, Internal Revenue Service, Cat. No. 25979S, pg. 2, 2016 IRS Gen. Instructions for forms W-2 and W-3 (Jan. 5, 2016). In fact, the W-2 Form itself includes a specific box- demarcated as "Box 2—Federal income tax withheld." This box would show the total federal income tax withheld from the employee's wages for the year. Department of

---

[6] The W-2 Form itself is created by the Department of Treasury, Internal Revenue Service. See Department of Treasury, Internal Revenue Service, Cat. No. 10134D, Wage and Tax Statement (2016).

the Treasury, Internal Revenue Service, Cat. No. 10134D 2016 Wage and Tax Statement (2016). Because this information directly comes from the employer to the employee for purposes of tax reporting, this is the sort of information return that the statute sought to include, given that an employee would eventually file such information return with the IRS.

Finally, Defendant erroneously cites *Leon v. Tapas & Tintos, Inc.*, 51 F.Supp.3d 1290, 1298 (S.D. Fla. Oct. 7, 2014) for the proposition that Defendant's motion to dismiss should be granted for failure to state a claim under 26 U.S.C. § 7434. The Leon case is distinguishable from the instant case in that it dealt with a different set of facts. The dispute in *Leon* was over whether the employer should have issued W-2 forms to employees instead of 1099 Forms. It did not deal with the situation presented in the instant case where the dispute is regarding whether the Defendant underreported the wages of the employees in their W-2 forms. *Id.*[7] In the present case, Defendant is the payer of the W-2 that is given to the employees. Glaser gave the employees the W-2 form, which were to be filed with the IRS by the employee. The Employee relied on the information return prepared the Defendant for tax reporting purposes. It is irrelevant that the employee herself was the actual filer of the return with the IRS when the W-2 form was in fact prepared by the defendant knowingly providing the plaintiff and other employees with a fraudulent form. Consequently, Plaintiff's claim is the sort of claim covered by 26 U.S.C. § 7434. See *Liverett,* 2016 WL 3582068 at *5 (concluding that because § 7434 was drafted by congress to give redress to taxpayers aggrieved by the filing of information returns that fraudulently misrepresent

---

[7] A closer look at the *Leon* opinion also reveals that the court was trying to distinguish between two defendants- one defendant was an individual, and another defendant was a business. The employees in the *Leon* case received their 1099 forms by the business defendant- and it was the business's defendant's name which appeared on the 1099 form, and not the individual; therefore, the court dismiss the claims against the individual defendant, but still found that the business defendant was the payer of the 1099 form, which was the subject of the dispute. *Leon,* 51 F.Supp.3d at 1298.

the amount paid to the taxpayer, workers had a valid claim under 26 U.S.C. § 7434).  As such,

Count II of Plaintiff's claim should not be dismissed.

       In Conclusion, Defendant's Motion to dismiss should be denied.

                        ,Respectfully submitted,

                        ***/s/Victoria Mesa-Estrada***
                        Victoria Mesa-Estrada
                        Florida Bar Number 076569
                        MESA-ESTRADA LAW, P.A.
                        Compson Financial Center, Suite 205
                        1880 North Congress Avenue
                        Boynton Beach, Florida 33426
                        Telephone: (561) 880-8062
                        Facsimile: (561) 582-4884
                        e-mail: victoria@mesaestradalaw.com

                        Robert K. Dwyer, Esq.
                        Florida Bar Number 894257
                        Florida Legal Services
                        14260 W. Newberry Rd. Ste. 14260
                        Newberry, FL 32669
                        Telephone: (352) 375-2494 ext. 1002
                        e-mail: Robert@floridalegal.org

## CERTIFICATE OF SERVICE

       I hereby certify that on the 12th of August, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                        ***/s/ Victoria Mesa-Estrada***
                        Victoria Mesa-Estrada

## SERVICE LIST

Victoria Mesa-Estrada (FBN 076569)
Mesa-Estrada Law, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, Florida 33426
Tel: (561) 880-8062
Fax: (561) 828-8359
Email: victoria@mesaestradalaw.com
Attorney for Plaintiff

Robert K. Dwyer, Esq.
Florida Bar Number 894257
Florida Legal Services
14260 W. Newberry Rd. Ste. 14260
Newberry, FL 32669
Telephone: (352) 375-2494 ext. 1002
e-mail: Robert@floridalegal.org
Attorney for Plaintiff

Frank H. Henry (FBN 956554)
BLUEROCK LEGAL, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, Florida 33161
Telephone: (305) 981-4300
Facsimile: (305) 981-4304
Email: fhenry@bluerocklegal.com
Attorney for Defendant